IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

LAMON K. GRIGGS                                                                                          PLAINTIFF

V.                                                                  CIVIL ACTION NO.: 1:16CV13-SA-RP

CHICKASAW COUNTY, MISSISSIPPI                                                                DEFENDANT

ORDER

Plaintiff Griggs filed the instant lawsuit alleging that he was terminated in violation of his First Amendment rights. Presently before the Court are Defendant's Motion in Limine [52] and Plaintiff's Cross Motion in Limine [54]. The Court finds as follows.

*Defendant's Motion in Limine*

Defendant moves the Court to bar certain evidence, including out-of-court statements allegedly made by individual Chickasaw County Supervisors, out-of-court statements made by James Meyers, and Plaintiff's own typed narrative of the events.

Regarding the out-of-court statements made by individual Chickasaw County Supervisors, Plaintiff alleges that Supervisor McFarland asked if he was going to withdraw from the Sheriff's race, and told him that other supervisors were "after him." Supervisor Brooks purportedly asked Plaintiff if he knew what the Hatch Act was during his termination meeting. Supervisor King purportedly told Plaintiff, "these dang politics are something else." Defendant argues that these statements constitute hearsay, and should be excluded under Federal Rule of Evidence 801(c).

The Federal Rules of Evidence bar statements that the declarant does not make while testifying at the current proceeding which are offered into evidence to prove the truth of the matter asserted. FED. R. EVID. 801(c). However, certain statements are excepted from the Rule against hearsay, and certain statements are not considered hearsay under the Federal Rules at all.

For example, a "statement by [a] party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship," is deemed an admission by a party opponent and is excluded from the hearsay definition. FED. R. EVID. 801(d)(2)(D).

Plaintiff argues that the statements by the Supervisors do not constitute hearsay, because they are opposing party statements made by the party's agent on a matter within the scope of that relationship, pursuant to 801(d)(2)(D). McFarland, Brooks, and King, as Supervisors, clearly were agents of Chickasaw County. Moreover, the record establishes that these Supervisors participated in the vote that initiated Plaintiff's termination. The purported statements regarding whether Plaintiff should abandon his campaign thus concern a matter within the scope of the Supervisor's agency made during the existence of the relationship. The Supervisor's purported statements will therefore not be excluded as non-hearsay party admissions under FED. R. EVID. 801(d)(2)(D).

Next, Plaintiff argues that Meyers' statements are not hearsay because they equally constitute admissions by party opponents. Meyers was not yet the Sheriff of Chickasaw County when he told Plaintiff that anyone who ran against him would be terminated as soon as he was elected. Therefore, Defendant argues that his statements do not fall under the 801(d)(2)(D) exclusion, because he cannot be said to have been an agent of the Board at the time the statements were made. However, Plaintiff has sued the County, not merely the Board. Though Meyers, as Deputy and as eventual Sheriff, may not have been an agent of the Board, he acted as an agent of the County for the very narrow purposes of the party opponent hearsay exclusion. *See* FED. R. EVID. 801(d)(2)(A) (Statements are not hearsay when "made by the party in an individual *or representative* capacity"). Indeed, Meyers often acted in the place of the Sheriff,

2

including being present during the Board meeting wherein Plaintiff was terminated. *See* MISS. CODE ANN. § 19-25-13 (Sheriffs must file budgets and reports with the county board of supervisors which are then reviewable by the state Auditor); *See also United States v. Harris*, No. CIVA5:07CR1-DCB-LRA, 2007 WL 2028948, at *4 (S.D. Miss. July 11, 2007), *aff'd*, 296 F. App'x 402 (5th Cir. 2008) ("It would be unreasonable to suggest that a Sheriff is not a county officer or agent") (citing *United States v. Marmolego*, 89 F.3d 1185 (5th Cir. 1996). Additionally, when he became Sheriff, Plaintiff was terminated, possibly for the very reason Meyers stated previously. Accordingly, Meyers' purported statements are likewise admissible as non-hearsay party admissions under 801(d)(2)(D), and will not be excluded. FED. R. EVID. 801(d)(2)(D). Defendant's Motion to exclude testimony concerning Meyers' and other Board of Supervisors' statements is DENIED.

Finally, Defendant seeks to bar Plaintiff's narrative, including his own typewritten notes as to the events leading up to his termination. Plaintiff concedes that this narrative is hearsay, and states that he will not attempt to admit it at trial. Therefore, Defendant's motion regarding the narrative is GRANTED.

*Plaintiff's Motion in Limine*

Plaintiff moves the Court to exclude testimony concerning Plaintiff's victorious suit against Wal-Mart Stores, Inc., including the amount of the judgment, and the fact that Jim Waide represented Plaintiff in that litigation. Defendant responded with no objection. Therefore, Plaintiff's motion is GRANTED.

*Conclusion*

Defendant's Motion in Limine [52] is DENIED IN PART and GRANTED IN PART. Plaintiff's Motion in Limine [54] is GRANTED. It is SO ORDERED this the 10th day of August, 2014.

/s/ Sharion Aycock  
UNITED STATES DISTRICT JUDGE