IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

LAMON K. GRIGGS                                                                    PLAINTIFF

V.                                                         CIVIL ACTION NO. 1:16-CV-13-SA-RP

CHICKASAW COUNTY, MISSISSIPPI                                          DEFENDANT

ORDER

Lamon K. Griggs filed this case on January 26, 2016. The case was tried before a jury from August 21, 2017 through August 23, 2017. The Jury returned a verdict [84] in the Plaintiff's favor, awarding him $83,447.08 in compensatory damages. The Defendant later filed a Notice of Appeal [111] on May 29, 2018. The Defendant also filed an Unopposed Motion to Hold in Abeyance Plaintiff's Motion for Attorneys' Fees, Costs, and Expenses [112] on May 31, 2018.

After the parties submitted their briefs and made their oral arguments to the United States Court of Appeals for the Fifth Circuit, the Court affirmed the District Court's rulings on July 18, 2019. The Plaintiff then filed a Supplemental Motion for Attorneys' Fees, Costs, and Expenses [114] on July 30, 2019. The Defendant filed a Response [116] in Opposition to the Plaintiff's Motion on August 13, 2019. The Plaintiff filed its Reply [118] to the Defendant's Response on August 20, 2019. The issues have been fully briefed and are ripe for review.

*Standard of Review*

Courts use a two-step process to determine the reasonableness of an award for attorney's fees. *Combs v. City of Huntington, Texas*, 829 F.3d 388, 391 (5th Cir. 2016) (citing *Jimenez v. Wood County*, 621 F.3d 372, 379-380 (5th Cir. 2010)). First, the court must determine the Lodestar, a calculation done by multiplying the number of hours the attorney reasonably expended by the prevailing hourly rate for similar work in the community. *Id*. at 392. This calculation requires the

Court to exclude all time that is duplicative, excessive, or inadequately documented. *Id*. It is the burden of the party seeking reimbursement to establish the number of hours expended by presenting evidence for such. *See JGT, Inc. v. Ashbritt, Inc.*, 2011 WL 1323410 at *2 (S.D. Miss. 2011) (internal quotation marks omitted); *see also Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002).

Parties seeking fees should always exercise "billing judgment" as it pertains to the hours they worked as well as keep billing time records in such a way that will allow a reviewing court to identify distinct claims. *JGT, Inc.* 2011 WL 1323410 at *2 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 436, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)). "Billing judgment requires documentation of the hours charged and is usually shown by the attorney writing off unproductive, excessive, or redundant hours." *Id*. at *3. "The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute the exercise of billing judgment." *Id*. at *2 (citing *Green v. Administrators of Tulane Education Fund*, 284 F.3d 642, 662 (5th Cir. 2002)).

The Court then determines whether the Lodestar amount should be increased or decreased based on the following twelve factors: the time and labor required; the novelty and difficulty of the questions of the case; the skills required to properly perform the legal services; the preclusion of other employment by the attorney as a result of accepting the case at hand; the customary fee; whether the fee is fixed or contingent; the time limitations the client or the circumstances impose on the attorney; the results obtained and the amount involved; the ability, reputation, and experience of the attorneys; the "undesirability" of the case; the nature and length of the attorney's professional relationship with the client; and the awards in similar cases. *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974).

*Hourly Rate*

Three attorneys represented the Plaintiff in this case: Jim Waide, Ron Woodruff, and Rachel Waide. Mr. Waide billed at a rate of $400 per hour, and Woodruff and Mrs. Waide each billed at a rate of $250 per hour. Mr. Waide has been practicing law for 44 years. Woodruff and Mrs. Waide have each been practicing law for over 18 years. The Plaintiff has submitted declarations from three other attorneys corroborating the propriety of Mr. Waide's fee and substantiating that $400 is an appropriate hourly fee for Mr. Waide.

The Defendant argues that $400 is an excessive amount for Mr. Waide to charge as an hourly rate and argues instead that fees between $265 and $300 an hour would be more customary for attorneys with Mr. Waide's experience in the Northern District of Mississippi. The Defendant relies on cases from the Northern District to establish the expected customary fee. For example, the Defendant cites *Joiner v. City of Columbus* in which this Court held that the prevailing market rate in the Northern District for an attorney with extensive litigation experience is $250 and $150 for attorneys with less litigation experience. *Joiner v. City of Columbus*, 2016 WL 55336 at *6 (N.D. Miss. 2016).

This case is distinguished from *Joiner* because the plaintiff in that case did not provide sufficient evidence of the plaintiff's attorney's customary fees. *Id*. An attorney must put forth evidence that establishes both the community billing rate and the attorney's customary rate. *Id*. at *5 (internal citations omitted). In *Joiner*, the plaintiff only provided affidavits that addressed the community billing rate and provided nothing to establish his attorney's customary billing rates. *Id*.

In the present case, the Plaintiff has not only provided numerous declarations from other attorneys to establish a community billing rate, but he has also referenced case law from the Northern and Southern Districts to establish his attorney's customary fee. For example, the Plaintiff

3

references *Bogan v. MTD Consumer Group, Inc.* in which this Court found that $400 an hour was a reasonable rate for Mr. Waide. *Bogan v. MTD Consumer Group Inc.*, 2018 WL 279985 (N.D. Miss. 2018). This foundation sets this case apart from *Joiner* because the Plaintiff has provided evidence of a community rate as well as established his attorney's customary fee, and thus the Court is not bound by the Court's decision in *Joiner*. The Court finds no reason to depart from its previous finding that $400 is a reasonable hourly rate for someone with Mr. Waide's experience. As such, the Court will use $400 per hour for Mr. Waide's hourly fee in its Lodestar calculation.

*Work of Clerical Nature*

The Defendant also argues that there are two flaws in the entries submitted by the Plaintiff's attorneys: Some entries are billed at an attorney's rate when they should be billed at a paralegal's rate and some entries are excessive or duplicative. First, the Defendant argues that the Plaintiff billed multiple entries at an attorney's rate when in fact the work was clerical in nature and should have been billed at a paralegal's rate. In *Hendrix*, the Court held that "hours claimed for clerical work should be distinguished from those claimed for legal work and should be compensated at a lower rate." *Hendrix v. Evergreen Hauling*, 2019 WL 138160 (N.D. Miss. 2019) (citing *Abrams v. Baylor College of Medicine*, 805 F.2d 528, 536 (5th Cir. 1986) (internal citations omitted)). *See also Cruz v. Hauck*, 762 F.2d 1230, 1235 (5th Cir. 1985); *JGT, Inc.*, 2011 WL 1323410 at *5 ("Work of this nature is generally allowed at the paralegal billing rate."). Clerical work includes "investigation, compilation of facts and statistics, communications which serve a purely logistical or organizational purpose, the filing of returns with the court, the service of documents, and the preparation of notices and cover letters." *Hardy v. City of Tupelo, Mississippi*, 2010 WL 730314 at *7 (N.D. Miss. 2010).

The Defendant listed the entries which it argues should be reduced to a paralegal rate. These entries are attached to this opinion; however, the Court concludes that the entries listed are mostly clerical in nature and should be billed at the paralegal rate with the exclusion of the following entry:

> 10/2/2017
> JDW Draft Plaintiff's Unopposed Motion for Extension of Time to Respond to Defendant's Renewed Motion for Judgment as a Matter of Law and New Trial or Remittitur in the Alternative 0.25 $100.00

The Plaintiff's attorneys' firm bills paralegal work at $65 per hour. As such, the total amount of attorney's fees requested should be reduced by $1,866.25. The chart below reflects the changes to the billing entries.

| Attorney | No. of Hours Spent on Clerical Work | Original Billing Cost | Newly Adjusted Billing Cost |
|---|---|---|---|
| Jim Waide | 3.5 | $1,400.00 | $227.50 |
| Ronnie Woodruff | 3.25 | $812.50 | $211.25 |
| Rachel Waide | 0.75 | $187.50 | $48.75 |

*Time Spent Drafting Briefs and Preparing for Oral Argument*

The Defendant also lists a number of entries it argues are excessive based on the Plaintiff's counsel's experience, knowledge of this area of the law, and the fact that the counselors state that there were no novel issues in this case. The Defendant points out that Woodruff spent approximately 21.25 hours preparing the Plaintiff's Response in Opposition to the Defendant's Motion for Summary Judgment [50], Mr. Waide spent approximately 52 hours preparing the appellee's brief, and Mr. Waide spent more than 30 hours preparing for oral arguments.

The Plaintiff's counsel argues that these entries are not excessive because they reflect the time needed to respond to the Defendant's arguments. For example, the Plaintiff argues that the Plaintiff's counsel spent a reasonable amount of time needed to prepare the Response in Opposition

to the Defendant's Motion for Summary Judgment [50] because this was not a standard First Amendment case. Additionally, the Plaintiff argues that the Plaintiff's counsel spent a reasonable amount of time on the Response [50] and appellee brief because the issues the Defendant raised required the Plaintiff to file more extensive responses. For example, the Plaintiff argues that the Defendant raised five issues in its Motion for Summary Judgment, each of which required a "thorough response." *See* [118].

Likewise, the Plaintiff argues that his time spent preparing the appellee brief was not excessive but rather that it addressed the five issues the Defendant raised on appeal. The Plaintiff specifically points to the fact that the Defendant's appellate brief was 41 pages in length whereas the Plaintiff's appellee brief was 33 pages. Further, the Plaintiff argues that the Defendant raised unusual issues such as the *Rooker-Feldman* doctrine, making the number of hours the Plaintiff's counsel spent on both the Response in Opposition to the Defendant's Motion for Summary Judgment and the appellee brief reasonable. After reviewing the disputed entries, this Court finds that the Plaintiff's counsel's entries seem reasonable.

*Conclusion*

The total amount of attorney's fees will be reduced by $1,866.25 as explained above. The total amount for costs, $6,634.57, is undisputed. In total, the Court finds that the Defendant is to pay the Plaintiff $122,818.32 in attorney's fees, expenses, and costs.

It is SO ORDERED, this the 20th day of February, 2020.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE

Appendix A

2/25/2016
JDW Receive and review Entry of Appearance from Mr. Griffith 0.25 $100.00

JDW Receive and review Motion for Extension of Time to File Answer 0.25 $100.00 JDW Receive and review Rule 16 Initial Order 0.25 $100.00

JDW Receive and review Entry of Appearance from Mr. Carnathan 0.25 $100.00

02/26/2016
JDW Receive and review Order granting extension of time 0.25 $100.00

3/29/2016
RLW Receive and review Notice resetting Case Management Conference 0.25 $62.50

4/14/2016
RLW Receive and review Case Management Order 0.25 $62.50 RLW Receive and review Notice of Trial 0.25 $62.50

4/20/2016
RLW Receive and review Notice of Final Pretrial Conference 0.25 $62.50

RLW Receive and review Order Governing Pretrial Conference and Preparation of Final Pretrial Order 0.25 $62.50
RLW Receive and review Entry of Appearance from Ms. Jacks 0.25 $62.50

8/09/16
RLW Receive and review Motion for Extension of Time to Respond to Discovery 0.25 $62.50

RLW Receive and review Order granting extension of time 0.25 $62.50

8/24/2016
RLW Receive and review Defendant's Motion for Extension of Time to Respond to Discovery 0.25 $62.50

RLW Receive and review Order granting Defendant's second request for time 0.25 $62.50

11/17/2016
RLW Receive and review Notice of Deposition of Mr. Griggs 0.25 $62.50

4/21/2017
RLW Receive and review Defendant's Unopposed Motion for Extension of Time to File Dispositive Motions 0.25 $62.50